# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:18-cr-00032-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ROGER ARCHIE, )<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal Sentencing Memorandum [Doc. 25].

The Defendant, through counsel, moves the Court for leave to file a Sentencing Memorandum under seal in this case. For grounds, counsel states that the memorandum includes detailed sensitive and private personal information concerning his background, including Department of Social Services ("DSS") records and reports from his childhood. [Doc. 25].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives."

Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). Where sealing is allowed, the defendant is still required to file in the public record a redacted sentencing memorandum with only those portions that are allowed to be sealed having been redacted. See id. at 491-92

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion on November 10, 2018, and it has been accessible to the public through the Court's electronic case filing system since that time.

The Fourth Circuit has recently addressed the balancing that the Court should undertake in determining what portions, if any, should be redacted from a sentencing memorandum in a criminal case. United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). References to a defendant's cooperation are entitled to sealing and should be redacted. No such information, however, is found in the memorandum at issue here. As for other information a defendant seeks to seal, the Court should consider the materiality of the information to an understanding of the Defendant's case. The more significant the information to any relief the Defendant seeks, the less likely it should be placed in the record under seal. For instance, identities of and information regarding a defendant's family members (particularly minors) are

rarely germane to the factors for sentencing and thus would ordinarily be allowed to be redacted. Id. at 492.

Here, the Defendant's Memorandum and the accompanying letters of support reference the identities of and information regarding his family members, including information concerning DSS records and reports from his childhood. The Defendant has demonstrated that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information.

The Memorandum and letters of support also contain personal information regarding the Defendant's rehabilitation efforts while in confinement, his efforts towards reintegration into society, and his use of alcohol during the underlying offense. Such information is central to Defendant's arguments that the underlying offense was out of character for him and that therefore a lighter sentence is warranted. The public's right to know the bases for the actions of this Court outweigh any privacy interest of the Defendant and the other involved persons.

Having considered less drastic alternatives to sealing the Defendant's Memorandum and exhibit thereto, the Court concludes that less drastic alternatives to wholesale sealing of the Defendant's Memorandum and exhibit thereto are feasible.

Accordingly, the Defendant's Motion to Seal Sentencing Memorandum is granted in part and denied in part, and counsel shall be permitted to file the Sentencing Memorandum and exhibit thereto under seal. However, the Defendant shall also file a publicly accessible version of the Sentencing Memorandum and the accompanying letters of support, redacting only those portions containing the identities of and information regarding the Defendant's family members, including DSS records and reports from his childhood.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal Sentencing Memorandum [Doc. 25] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Defendant's Motion to Seal Sentencing Memorandum is **GRANTED** to the extent that the Sentencing Memorandum [Doc. 26] and exhibit thereto [Doc. 26-1] shall be filed under seal and shall remain under seal until further Order of the Court. The Defendant's Motion to Seal Sentencing Memorandum [Doc. 25] is **DENIED** to the extent that the Defendant shall file a redacted version of the Sentencing Memorandum and the accompanying letters of support on the public docket prior to the sentencing hearing in this matter.

**IT IS SO ORDERED.**

Signed: November 15, 2018

Martin Reidinger
United States District Judge